NO. 07-06-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 8, 2007

_____

DANIEL DOMINIQUE JAQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,032-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Daniel Dominique Jaquez, was convicted by a jury of burglary of a habitation. Punishment was assessed at sixty years confinement. The clerk's record and reporter's record have both been filed. Initially, Appellant's brief was due on December 6, 2006. Following a notice dated December 20, 2006, from the

Clerk of this Court, advising Appellant's counsel, Joe Marr Wilson, that Appellant's brief had not been filed, counsel requested, and was granted, an extension of time in which to file the brief to January 31, 2007. The brief was not filed and a second notice from the Clerk of this Court dated February 9, 2007, notified counsel that unless the brief was filed by February 20, 2007, this appeal would be abated and the cause remanded to the trial court for further proceedings. Counsel has not responded to that notice nor has the brief been filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following:

1.  whether Appellant desires to prosecute this appeal;
2.  why Appellant's counsel, Joe Marr Wilson, has failed to file a brief;
3.  whether Appellant has been denied effective assistance of counsel;
4.  whether Appellant's counsel, Joe Marr Wilson, should be removed; and
5.  whether Appellant is indigent and entitled to court-appointed counsel.

Should the trial court determine that Appellant does want to continue the appeal, that present counsel should be removed, and that Appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent Appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before Monday, April 16, 2007.

It is so ordered.

Per Curiam

Do not publish.

3